UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | CRIMINAL CASE NO. |
| | : | 3:08-cr-00039 (VLB) |
| ANTHONY DAVIS, | : | |
|     Defendant. | : | August 12, 2009 |

### MEMORANDUM OF DECISION DENYING DEFENDANT'S MOTION TO SUPPRESS [Doc. #67]

The defendant, Anthony Davis, moves pursuant to Fed. R. Crim. P. 12(b)(3) to suppress physical evidence collected by police at the time of his arrest. The defendant argues that the police lacked a warrant, his consent, and reasonable suspicion to stop him. For the reasons given below, the motion to suppress [Doc. #67] is DENIED.

The following facts are relevant to the motion to suppress. On October 29, 2007, Officers William Coppola and David Rivera were patrolling a high-crime area in New Haven, Connecticut in their police car. A man whom the officers knew approached their car and informed them that he had just seen a black male display a handgun. According to the man, the black male was wearing a red shirt, blue jeans, and a dark baseball cap, and the handgun was tucked in the waistband of his jeans.

The officers then drove to the area where the man reported seeing the black male. The officers observed a black male matching the description that

was provided.  The black male was the defendant, Anthony Davis.  When the officers pulled up behind the defendant, he looked at them over his shoulder and then reached into the waistband of his jeans.  Officer Rivera ordered the defendant to show his hands, but the defendant fled.  As Officer Rivera pursued the defendant, Officer Rivera saw the defendant pulling an object out of the waistband of his jeans with his right hand.  The defendant then jumped over a fence and dropped an object from his right hand.  Officer Rivera determined that the defendant had dropped a handgun, and he radioed the location of the handgun as he continued the pursuit.  Officer Rivera finally caught up to the defendant and handcuffed him.  Officer Coppola recovered the handgun from the location where the defendant had dropped it.

On February 14, 2008, the grand jury indicted the defendant on one count of unlawful possession of a firearm by a convicted felon.  The defendant has an extensive criminal history that includes burglary, larceny, assault, and narcotics and firearms violations.

"[A]n evidentiary hearing on a motion to suppress ordinarily is required if the moving papers are sufficiently definite, specific, detailed, and nonconjectural to enable the court to conclude that contested issues of fact . . . are in question." United States v. Watson, 404 F.3d 163, 167 (2d Cir. 2005).  "To sufficiently raise an issue of fact, the defendant, in moving for a suppression hearing, must include an affidavit of someone alleging personal knowledge of the relevant fact, and that fact must put the issue of the legality of the warrantless stop into contention."

United States v. Marquez, 367 F. Supp. 2d 600, 603 (S.D.N.Y. 2005).  In the present case, the defendant has not filed an affidavit or otherwise under oath called into question the facts in the police reports and evidence cited by the Government.  Therefore, no hearing is necessary, and the Court will proceed to consider the defendant's legal arguments in support of his motion to suppress.

"A police officer's order to stop constitutes a seizure if a reasonable person would have believed that he was not free to leave . . . and the person complies with the officer's order to stop . . . ."  (Emphasis added.)  United States v. Simmons, 560 F.3d 98, 105-106 (2d Cir. 2009).  If the person does not comply with the officer's order, there is no seizure, and the Fourth Amendment does not apply.  See California v. Hodari D., 499 U.S. 621, 626, 111 S. Ct. 1547 (1991).  In the present case, the defendant did not comply with Officer Rivera's order to show his hands, and the defendant was not physically restrained until after he had dropped the handgun.  Therefore, the defendant has not presented a basis upon which to suppress the handgun.

The defendant relies heavily on Florida v. J. L., 529 U.S. 266, 268, 120 S. Ct. 1375 (2000), in which the United States Supreme Court held that police officers could not stop and frisk a person solely because the officers had received an anonymous tip that the person was carrying a gun.  The defendant in J. L. complied with an officer's order to put his hands up and thus became seized at the time of his first contact with the officer.  The officer in that case then discovered a gun in the pocket of the J. L. defendant.  Id.  In the present case, the

defendant did not comply with Officer Rivera's order to show his hands and was therefore not seized when he first came into contact with the police. The defendant was seized after he fled, dropped his handgun, and then finally submitted to Officer Rivera.[1]

The defendant's motion to suppress [Doc. #67] is DENIED.

                                      IT IS SO ORDERED.

                                      /s/
                                  Vanessa L. Bryant
                                  United States District Judge

Dated at Hartford, Connecticut:  August 12, 2009.

---

[1] Although the inapplicability of the Fourth Amendment to the present case makes it unnecessary for the Court to consider whether the officers had reasonable suspicion to detain the defendant pursuant to Terry v. Ohio, 392 U.S. 1, 88 S. Ct. 1868 (1968), the Court notes that the present case did not involve an anonymous tip, as in J. L.  The tip in the present case came from a person known to the officers.  "Unlike a tip from a known informant whose reputation can be assessed and who can be held responsible if her allegations turn out to be fabricated . . . an anonymous tip alone seldom demonstrates the informant's basis of knowledge or veracity . . . ." Id. at 270.